IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Argeni Bataldo-Castillo, | ) | Civil Action No. 6:15-3717-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden Travis M. Bragg, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary judgment for Respondent. For the reasons set forth below, the Court adopts the Report and Recommendation as the Order of the Court, grants Respondent's motion for summary judgment, and dismisses the petition for habeas relief.

I.  **Background**

Petitioner is a federal prisoner at FCI Bennettsville, South Carolina. On March 27, 2009, Petitioner was arrested in Puerto Rico for illegal re-entry after deportation. He was sentenced on June 15, 2009, to an eight-month term of imprisonment upon revocation of his supervised release term. With prior custody credit, his projected release date was November 25, 2009, and, on November 25, 2009, he was released to the Department of Homeland Security on an immigration detainer. Petitioner was deported to his home country, the Dominican Republic, on December 16, 2009.

However, Petitioner's release was an error. On September 16, 2009, Petitioner had been sentenced to a 33-month term of imprisonment for reentry after deportation subsequent to the commission of an aggravated felony—specifically, smuggling marijuana. Plea Agreement, *United States v. Argenis Bataldo-Castillo*, Crim. No. 3:09-162-GAG (D.P.R. May 5, 2009) (hereinafter

-1-

"Case No. 09-162"). That sentence was to be served consecutively to the eight-month sentence for supervised release revocation. Because the judgment in Case No. 09-162 was not properly reported to the Bureau of Prisons ("BOP"), it was not used when BOP computed Petitioner's sentence. When released and deported, Petitioner did not inform the Government that he had another sentence to serve.

On July 6, 2010, Petitioner was again arrested in Puerto Rico. He was apprehended offshore while smuggling cocaine from the Dominican Republic into the United States. Plea Agreement, *United States v. Argenis Bataldo-Castillo*, Crim. No. 3:10-253-GAG (D.P.I. Sept. 26, 2011) (hereinafter "Case No. 10-253"). On January 17, 2012, he was sentenced to a 96-month term of imprisonment for conspiracy to possess with intent to distribute cocaine. The BOP computed that sentence together with the 33-month sentence in Case No. 09-162 for an aggregate 129-month term of imprisonment commencing on July 6, 2010.

On September 15, 2015, Petitioner filed the instant Petition for habeas relief pursuant to 28 U.S.C. § 2241. Petitioner claims that his sentence computation is erroneous on two grounds. First, he claims that he should receive credit for the time spent at liberty due to his mistaken release from custody on November 25, 2009 (he also claims that his time in immigration detention, November 25, 2009 to December 16, 2009, is "official detention" which should count toward his sentence pursuant to 18 U.S.C. § 3585). Second, he claims that he should receive credit for time served from his July 6, 2010 arrest to his January 17, 2012 sentencing.

## II.   Legal Standard

### A.   Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

### B.  Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.

*Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III. Analysis

### A. Exhaustion of Administrative Remedies

Title 28, U.S.C. § 2241 is the proper means for a federal prisoner to challenge the BOP's sentencing calculations. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004). Courts however require prisoners to exhaust BOP administrative remedies before seeking such review under § 2241. *See Timms v. Johns*, 627 F.3d 525, 532–33 (4th Cir. 2010). Petitioner concedes that he failed to exhaust administrative remedies. (*See* Dkt. No. 14 at 3 (Petitioner stating that "[i]t is undisputed . . . that [Petitioner] did not fully exhaust all of his administrative remedies").) The Court therefore agrees with the Magistrate Judge's determination that Petitioner's claims are procedurally barred due to failure to exhaust administrative remedies. *Cf. Henderson v. Warden, Edgefield Satellite Prison Camp*, Civ. No. 2:09-1599-RBH, 2009 WL 3317149, at *1–2 (D.S.C. Oct. 14, 2009) ("Petitioner admitted his failure to exhaust BOP administrative remedies. . . . Therefore . . . his petition should be dismissed without prejudice.")

### B. Merits

Although Petitioner's claims are procedurally barred, the Court fully agrees with the Magistrate Judge's analysis of the merits of the petition. To avoid unnecessary future proceedings, the Court rules now on the merits. For the reasons set forth below, the Court dismisses the petition with prejudice.

1. <u>Credit for Time at Liberty</u>

Petitioner claims that he is entitled to credit for the time "he spent at liberty due to a custodial mistake by the BOP and the Bureau of Immigration and Customs Enforcement . . . due to no fault of his own" because "he should have the right to serve his sentence continuously without interruption." (Dkt. Nos. 1 at 6 & 1-1 at 4.) Most courts recognize two distinct doctrines for reducing a sentence due to an erroneous release from custody. "First, under the doctrine of 'credit for time erroneously at liberty,' a defendant mistakenly released for a short period of time or with a lesser degree of governmental fault will be granted day-for-day credit. Second, where a defendant is released for a longer period of time, and the government's error or inaction amount to waiver or estoppel, the convict will be excused from serving any part of the remainder of his sentence." Gabriel J. Chin, *Getting Out of Jail Free: Sentence Credit for Periods of Mistaken Liberty*, 45 Cath. U. L. Rev. 403, 404 (1996) (collecting cases). The second theory, adopted by the Fourth Circuit in *Hawkins v. Freeman*, applies when the Government's bad actions rise to a level that violates due process. 195 F.3d 732, 740–47 (4th Cir. 1999); *see also United States v. Martinez*, 837 F.2d 861, 864–65 (9th Cir. 1988). A violation of the prisoner's rights in such a case occurs only if the state's actions were "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Hawkins*, 195 F.3d at 738 (citation omitted). "If it does not meet that test, the claim fails on that account . . . ." *Id.* This standard requires that officials commit more than "mere negligence," for example, by acting with "a vindictive or oppressive purpose." *Id.* In contrast, the first theory, which has not been adopted by the Fourth Circuit, provides that "[u]nder the doctrine of credit for time at liberty, a convicted person is entitled to credit against his sentence for the time he was erroneously at liberty provided there is a showing of simple or mere negligence on behalf of the government and provided the delay in execution of sentence was through no fault of his own." *Martinez*, 837 F.2d at 865.

Petitioner here argues both theories: he seeks a day-for-day credit (Dkt. No. 1 at 6) but he also argues that he should be entirely excused from his sentence in Case No. 09-162 on due process grounds (Dkt. No. 1-1 at 4). Petitioner's due process argument fails because Petitioner has not shown that any actions of the BOP were "egregious" or "outrageous." *See Hawkins*, 195 F.3d at 741. Judgment in Case No. 09-162 was not reported to the BOP to be calculated with the federal sentence he was then serving, and, therefore, he was erroneously released on the date he completed his eight-month term of imprisonment for revocation of his supervised release term. No Government actor is alleged to have acted with any improper motive or purpose.

Regarding Petitioner's argument for a day-for-day credit, the Court finds, if the credit for time erroneously at liberty doctrine applies in the Circuit at all,[1] that it is inapplicable in this case. Courts typically credit time erroneously at liberty only when there is an interruption in incarceration, and not when there is a delay in the commencement of incarceration, reasoning that prisoners cannot be required to serve their sentences in installments. *Martinez*, 837 F.2d at 865. ("Traditionally, the doctrine of credit for time at liberty has only been applied where a convicted person has served some part of his sentence and then been erroneously released."). Petitioner was erroneously put at liberty before he began serving his sentence in Case No. 09-162. Furthermore, courts often decline to credit time erroneously at liberty when the erroneously released prisoner engaged in misconduct while at liberty. *See, e.g., Brown v. Brittain*, 773 P.2d 570, 574–75 (Colo. 1989) (*en banc*); *In re Messerschmidt*, 163 Cal. Rptr. 580, 581–82 (Ct. App. 1980). Here, Petitioner, while erroneously at liberty, illegally re-entered the United States as a cocaine smuggler. Plea Agreement, Case No. 10-253. It would be perverse to credit that time at liberty—

---

[1] While the Fourth Circuit has not expressly adopted this doctrine, it is an almost universal federal rule. *See* Chin, *supra*, at 406–10 (collecting cases showing adoption of the doctrine by the First, Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits).

which Petitioner spent as a drug smuggler—to a sentence imposed as a penalty for smuggling drugs. *See* Plea Agreement, Case No. 09-162 (predicate aggravated felony in Case No. 09-162 was marihuana smuggling).

### 2. Credit for Time in Immigration Detention

Petitioner also seeks credit for time he spent in immigration detention, November 25, 2009 to December 16, 2009. Title 18, U.S.C. § 3585 provides that a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." Petitioner's immigration detention plainly was not the "result" of any criminal charge or sentence—authorities at that time were unaware of remaining criminal sentence. *Cf. Solorzano-Cisneros v. Zych*, Civ. No. 7:12-537, 2013 WL 1821614, at *2 (W.D. Va. April 30, 2013) ("The period between December 6, 2008 and December 29, 2008, when Solorzano–Cisneros was held in ICE custody pending civil deportation review, does not constitute 'official detention' under pending criminal charges for purposes of § 358[5]." (citation omitted)). Petitioner's brief immigration detention was the result of Petitioner's unlawful presence in the United States. Accordingly, this claim has no merit.

### 3. Credit for Time in Custody from July 6, 2010 to January 17, 2012

Petitioner seeks credit for the period from his arrest on July 6, 2010 to his sentencing in Case No. 10-253 on January 17, 2012. Petitioner's current sentence computation commences from the date on which he entered federal custody, July 6, 2010, not the date of sentence, because he was under sentence in Case No. 09-162. In other words, he was not in pretrial detention before his conviction and sentencing in Case No. 10-253—he instead was already serving the sentence in

-8-

Case No. 09-162. That sentence was aggregated with the sentence in Case No. 10-253. Petitioner contends that BOP had no authority to aggregate his sentences. His contention is incorrect, *see* 18 U.S.C. § 3584(c), and, regardless, the aggregation is beneficial to Petitioner because it increases his total possible good time credits by 181 days. (Dkt. No. 11-1 ¶¶ 20–21.). Petitioner's current sentence commenced on July 6, 2010. His request for prior service credit for time served after July 6, 2010, is therefore without merit.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 17) as the Order of the Court, **GRANTS** Respondent's motion for summary judgment (Dkt. No. 11), and **DISMISSES** the petition for habeas relief (Dkt. No. 1).[2]

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 12, 2016
Charleston, South Carolina

---

[2] Federal prisoners, such as Petitioner, are not required to obtain a certificate of appealability in order to appeal the denial of a § 2241 petition. *See Madley v. U.S. Parole Comm'n*, 278 F.3d 1306, 1308 (D.C. Cir. 2002).